IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                                                 PLAINTIFF

V.                             CASE NO. 5:18-CR-50066-TLB-1

DUSTIN SLACK                                                                                    DEFENDANT

## OPINION AND ORDER

Currently before the Court is Defendant Dustin Slack's *pro se* Motion for Compassionate Release (Doc. 63). The Court directed the Government to file a response, and the Government did so, along with Mr. Slack's medical records (Docs. 65 & 66). Now that the Motion is ripe and having reviewed all of these filings, the Court **DENIES** the Motion for the reasons explained below.

### I. BACKGROUND

Mr. Slack pleaded guilty to Count Two of the Indictment for knowingly and intentionally possessing with intent to distribute more than 50 grams of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii). Mr. Slack's total offense level was a 31 and as a career offender his criminal history category was a VI, which generated a Guideline range of 188 to 235 months. *See* Doc. 44, p. 131. The Court varied downward and sentenced Mr. Slack to 130 months on Count Two. (Doc. 58).

Mr. Slack is now 35 years old and has served approximately 31 months of his original sentence. He seeks compassionate release under 18 U.S.C. § 3582(c)(1) due to his hypertension, mental illness, and the threat of COVID-19.

## II.  LEGAL STANDARD

The First Step Act of 2018 ("FSA") permits an inmate to seek a sentence reduction directly from the sentencing court "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  18 U.S.C. § 3582(c)(1)(A)(i).  If one of these threshold requirements is satisfied, the court may grant a defendant's motion for a reduction in sentence "after considering factors set forth in 18 U.S.C. § 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A)(i).  Thus, the Court looks to the Sentencing Commission's policy statement in the United States Sentencing Guidelines ("U.S.S.G.") as a starting point in determining what constitutes "extraordinary and compelling reasons" under § 3582(c)(1)(A)(i).  Application Note 1(A)(ii)(I) of U.S.S.G. § 1B1.13 indicates that the medical condition of the defendant may provide extraordinary and compelling reasons if the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."  Although the Sentencing Commission has not updated or adopted a new policy statement since the FSA was enacted, the policy statement nonetheless provides guidance as to what constitutes extraordinary and compelling reasons for the purposes of 18 U.S.C. § 3582(c)(1)(A).  *See, e.g.*, *United States v. Schmitt*, 2020 WL 96904, at *3 (N.D. Iowa Jan. 8, 2020).

### III.  DISCUSSION

### A.  Exhaustion of Remedies

The Court's ability to rule on Mr. Slack's Motion is dependent on whether he: (1) fully exhausted his administrative right to appeal the BOP's failure to bring a motion for early release or (2) allowed 30 days to lapse since the warden received his request for early release, whichever event is sooner.  18 U.S.C. § 3582(c)(1)(A)(i).  Mr. Slack presents proof that he requested compassionate release from his warden and was denied such release twice, once in October 2020 and another time in November 2020. (Doc. 63, pp. 2–3).  Since more than 30 days have lapsed since he requested compassionate release, the Court finds that Mr. Slack has satisfied the exhaustion requirement set forth at 18 U.S.C. § 3582(c)(1)(A)(i).

### B.  Extraordinary and Compelling Circumstances

Since Mr. Slack has already recovered from a COVID-19 infection, *see* Doc. 66-2, p. 36, his argument for compassionate release relies upon his ongoing risk of reinfection with COVID-19 and the alleged deterioration of his physical condition following his COVID-19 infection.  Unfortunately, there is little evidence to support either of these contentions.  As to Mr. Slack's risk of reinfection, that risk is speculative.  The Centers for Disease Control and Prevention ("CDC") website states that "[c]ases of reinfection with COVID-19 have been reported, but remain rare."  Ctrs. for Disease Control and Prevention, Reinfection with COVID-19, https://www.cdc.gov/coronavirus/2019-ncov/your-health/reinfection.html (last accessed May 25, 2021).  In short, there is little basis for the Court to conclude that Mr. Slack faces any risk of reinfection.  Other courts have agreed that the risk of COVID-19 reinfection does not, by itself, qualify as an

extraordinary and compelling reason justifying compassionate release. *United States v. Molley*, 2020 WL 3498482, at *2–3 (W.D. Wash. June 29, 2020) ("That possibility [of reinfection] is not the same as the concrete and serious threat that infection poses to at-risk inmates, and it is not an extraordinary and compelling reason to release Molley from prison."); *but see United States v. Hanson*, 2020 WL 3605845, at *4 (D. Or. July 2, 2020) (noting that a prior infection of COVID-19 may not necessarily confer immunity). In the Court's view, at this time, the risk to Mr. Slack posed by a potential reinfection is too speculative to constitute an extraordinary and compelling reason for compassionate release. As for his other health conditions—hypertension and mental illness—the Court sees nothing in the record to indicate that these conditions prevent him from providing self-care within his correctional facility. Thus, Mr. Slack has failed to show extraordinary and compelling reasons justifying his release.

### C. Section 3553(a) Factors

Even if Mr. Slack were able to demonstrate extraordinary and compelling reasons for his release, he is not a suitable candidate for early release considering the Section 3553(a) factors. Section 3582(c)(1) requires the court to consider the factors set forth in 18 U.S.C. § 3553(a) before granting a motion for compassionate release. The Court considers a number of such factors, including: "the nature and circumstances of the offense and the history and characteristics of the defendants;" and "the need for the sentence imposed: to reflect the seriousness of the offense, to promote respect for the law, []to provide just punishment for the offense[,] to afford adequate deterrence to criminal conduct[,] . . . and to provide the defendant with needed educational or vocational

training, medical care, or other correctional treatment in the most effective manner[.]" 18 U.S.C. § 3553(a)(1), (2)(A)–(B), & (D).

All of these factors weigh against a sentence reduction. Mr. Slack is a career offender, and the bottom of his Guideline range was 188 months' imprisonment. The Court granted a considerable downward variance, ultimately sentencing Mr. Slack to 130 months' imprisonment. The Court notes that it granted this variance in spite of the fact that he is a career offender held responsible for approximately 160 grams of actual methamphetamine. Moreover, counting from the date of his original arrest, Mr. Slack has only served approximately one-fourth of his 130-month sentence. In the Court's view, this amount of time is insufficient to reflect the seriousness of his offense conduct, to promote respect for the law, and to afford adequate deterrence to those who would seek to engage in similar criminal activities. Additionally, allowing Mr. Slack to complete his prison sentence in 31 months would create a significant disparity with other defendants who have been held responsible for similarly large quantities of methamphetamine. In sum, after considering and weighing all of the Section 3553(a) factors, the Court continues to find that a sentence of 130 months is just and fair under the totality of the circumstances.

For these reasons, even if Mr. Slack had demonstrated extraordinary and compelling medical reasons justifying a reduction of his sentence, the Court finds that the Section 3553(a) factors do not justify compassionate release.[1]

---

[1] To the extent Mr. Slack asks to serve the remainder of his sentence in home confinement, the FSA gives only the BOP—not the Court—the power to decide where he serves his sentence. *See* 18 U.S.C. §§ 3624(c)(4), 3621(b).

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Dustin Slack's *pro se* Motion for Compassionate Release (Doc. 63) is **DENIED.**

**IT IS SO ORDERED** on this 27th day of May, 2021.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE